JOSEPH BENEDETTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11384. Promulgated September 20, 1948.

*Abraham R. Kushner, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

#### OPINION.

HARLAN, *Judge*: This case comes before the Court on a motion of the petitioner for judgment on the pleadings, and, under agreement of counsel, no evidence is to be submitted.

The Commissioner has determined a deficiency in petitioner's income tax for the calendar year 1943 in the amount of $175.18. The deficiency notice contains the following explanation:

In the computation of your tax liability, it is held that you are only entitled to the personal exemption of a single person instead of that of a married person or head of a family as claimed.

In seeking relief from this determination the petitioner set forth certain allegations which were admitted in the answer of the respondent and other allegations which were denied. The taxpayer asks for judgment on the admitted allegations. They are as follows:

The petitioner is a citizen of the United States of America and resides at 2251 Independence Avenue in the city of Niagara Falls, County of Niagara, and State of New York.

The notice of deficiency was mailed to the taxpayer on April 15, 1946.

The tax in controversy is income tax and victory tax for the calendar year 1943. The amount of deficiency is $175.18. The petitioner filed his return with the collector of internal revenue at Buffalo, New York.

The petitioner was married to his wife, Elizabeth Benedetti, in or about December 1928 in Italy.

As a result of said marriage there were born the following children: Mary Benedetti, age sixteen, Anna Benedetti, age thirteen, and Malta Benedetti, age thirteen.

That said marriage is in full force and effect, and neither party to

said marriage has ever brought any proceeding to dissolve or annul the same.

Said petition also contains, in paragraph (k), the following allegations:

That during the year 1943 petitioner was unable to bring his wife to the United States or to send her any money. That petitioner's separation from his family in 1943 was involuntary and due to circumstances beyond his control.

In the answer the Commissioner admitted that during the year 1943 petitioner sent his wife no money but denied the remaining allegations of said paragraph.

Section 25 (b) (1) of the Internal Revenue Code, as amended by the Revenue Act of 1942, provided:

(b) * * * There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person or a married person not living with husband or wife, a personal exemption of $500; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $1,200. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $1,200. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

Petitioner does not rest his claim upon the allegation that he was the head of a family within the meaning of the applicable statute or regulations, and, even if he had done so, the facts do not sustain it. Petitioner does claim the exemption as a married man within the meaning of the applicable statute and regulations. In his brief petitioner alleges that he "is entitled to the exemption of a married man for the taxable year 1943, and the reported deficiency in the sum of One hundred Seventy-five Dollars and eighteen cents ($175.18) is erroneous, and the notice thereof and the assessment of any tax thereon, should be set aside." The regulation controlling the granting of an exemption as a married man, section 29.25–5 of Regulations 111, reads as follows:

SEC. 29.25–5. PERSONAL EXEMPTION OF MARRIED PERSON.—In the case of a married man or married woman the joint exemption replaces the individual exemption only if the man lives with his wife or the woman lives with her husband. In the absence of continuous actual residence together, whether or not a man or woman has a wife or husband living with him or her within the meaning of the Internal Revenue Code must depend on the character of the separation. If merely occasionally and temporarily a wife is away on a visit or a husband is away on business, the joint home being maintained, the additional exemption applies. The unavoidable absence of a wife or husband at a sanitorium or asylum on account of illness does not preclude claiming the exemption. If, however, the husband voluntarily and continuously makes his home at one place and the wife hers at another, they are not living together within the meaning of the Code, irrespective of their personal relations. A resident alien with a wife residing abroad is not entitled to the joint exemption.

Inasmuch as the admitted allegations in the petition do not bring the petitioner within either the statute or the regulations promulgated thereunder permitting the petitioner to have the exemption of a married person, the motion for judgment on that ground must be denied.

There is no admitted allegation in the petition as to when the petitioner and his wife lived together or that he supported her during 1943, or at any other time. From the admitted allegations we know nothing of the residence of petitioner's wife or children.

The burden of proof is on the petitioner and the presumption of correctness of the determination of the Commissioner persists until overcome by all of the evidence in the case. The admitted allegations in the petition do not, in our opinion, overcome the presumption of correctness of the Commissioner's determination and the motion of the petitioner for judgment on the pleadings is denied.

Petitioner herein, having agreed to submit the entire issues in this case on the pleadings, and not desiring to introduce any evidence in support of his petition,

*Decision will be entered for the respondent.*

Reviewed by the Court.